IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARK R. KNECE, II,** | : |
| **Plaintiff,** | : Case No. 2:17-cv-1130 |
| | : |
| v. | : **JUDGE ALGENON L. MARBLEY** |
| | : |
| **COMMISSIONER OF** | : Chief Magistrate Judge Deavers |
| **SOCIAL SECURITY,** | : |
| **Defendant.** | : |

**ORDER**

This matter comes before the Court on the Magistrate Judge's July 12, 2019, **Report and Recommendation** (ECF No. 28), which recommended that Plaintiff's Statement of Errors (ECF No. 25) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**. Plaintiff, Mark Knece III, filed his objection on July 6, 2018. (ECF No. 16). This Court hereby **ADOPTS** the Report and Recommendation in its entirety based on an independent consideration of the analysis therein.

**I. BACKGROUND**

Plaintiff, Mark R. Knece, II, filed an application for disability insurance benefits on March 11, 2011, alleging that he has been disabled since February 15, 2011. (R. at 779). Plaintiff's application was denied initially and upon reconsideration. *Id.* Plaintiff then requested a *de novo* hearing before an administrative law judge ("ALJ"). *Id.* Plaintiff, represented by counsel, appeared and testified before ALJ Paul E. Yerian at a hearing on June 18, 2012. (R. at 157, 169). ALJ Yerian found Plaintiff was not "disabled" within the meaning of the Social Security Act. (R.

at 157-69). Plaintiff filed an action for review in federal court. *Knece v. Comm'r Soc. Sec.*, Case No. 14-cv-353. On September 3, 2015, Magistrate Judge Deavers issued a report and recommendation recommending that this case be remanded to the ALJ to provide a more detailed explanation in weighing the opinion of Plaintiff's treating physician, Dr. Donald Fouts, D.O. (R. at 888–914; *see also Knece v. Comm'r Soc. Sec.*, Case No. 14-cv-353, (ECF No. 20); (ECF No. 21) (adopting report and recommendation)).

On remand, the ALJ held a hearing in November 2016, during which Plaintiff testified while represented by counsel. The ALJ issued a decision on January 24, 2017 finding that Plaintiff was not disabled within the meaning of the Social Security Act (R. at 776–800). In his revised decision denying Plaintiff benefits, the ALJ followed the required five-step sequential analysis for disability-benefits claims. *Id.* at 8; *see* C.F.R. § 416.920(a).[1] The Appeals Council denied Plaintiff's request for review and adopted ALJ Yerian's final decision. (R. at 769–75).

---

[1] Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

2

Plaintiff then filed his Statement of Errors with this Court, alleging that the ALJ failed to properly consider and give adequate weight to the expert testimony of Dr. Fouts, because the ALJ focused on Dr. Fouts's normal exam findings, and not the abnormal findings. (ECF No. 25). On review, the Magistrate Judge issued a Report and Recommendation addressing Plaintiff's alleged errors and recommending that this Court overrule the Statement of Errors and affirm the ALJ's decision. (ECF No. 28).

Plaintiff timely filed his Objection to the Report and Recommendation on July 26, 2019 and raised two objections. (ECF No. 29). First, Plaintiff argues that the Magistrate Judge did not address his argument that given the volume of records (documenting over 60 appointments with several providers over eight years), there would be some variance in what medical providers observed and that expecting "every provider, on every occasion, to note the same abnormal findings on exam seems an extremely high standard." *Id.* at p. 3. Second, Plaintiff argues that there was more evidence of exam abnormalities than normal findings in the testimony of Dr. Fouts and that the ALJ should have been required to provide some explanation for why he ultimately found the normal findings more persuasive. *Id.*

## II. STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).

---

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

3

This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

### III. LAW AND ANALYSIS

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly evaluated the opinions of treating source Dr. Fouts. (ECF No. 29). A treating physician's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and…not inconsistent with the other substantial evidence in [the claimant's] case record" for the ALJ to give it controlling weight. *See* 20 C.F.R. § 4196.927(c)(2); *Blakely v. Comm'r of Soc. Sec.,* 581 F.3d 399, 408 (6th Cir. 2009). If the ALJ does not give the treating physician's opinion controlling weight, then the ALJ determines the opinion's weight by evaluating "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Also, the ALJ must provide good, specific reasoning for the weight that they give the treating doctor's opinion. *See* 20 C.F.R. § 416.927(c)(2); *Friend v. Comm'r of Soc. Sec.* 375 F. App'x 543, 550 (6th Cir. 2010). An ALJ is required to give a good reason for according less than

4

controlling weight to a plaintiff's treating physician but is not required to explicitly address each of the six factors outlined above. *See Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010) (finding that ALJ had given a good reason for giving little weight to a treating physician's opinion, despite not addressing all six factors for weighing medical opinions and noting that addressing all six factors is not a requirement in the Sixth Circuit).

Plaintiff's first objection to the Magistrate Judge's order states that the Magistrate Judge did not address his argument that the ALJ failed to consider the fact that were would be some variance between medical testimony given the volume of records, which documented over 60 appointments with several providers over eight years. (ECF No. 29 at p. 3). Second, Plaintiff argues the ALJ should have been required to provide some explanation for why he ultimately found the normal medical findings more persuasive than the abnormal medical findings. *Id.*

Plaintiff's two objections are without merit because the Magistrate Judge specifically addressed both arguments in her opinion by noting that the ALJ "assessed the entire record as a whole and reasonably concluded that Dr. Fouts' opinion was inconsistent with it. He was entitled to do so." (ECF No. 28 at p. 16). Magistrate Judge Deavers added that the ALJ "noted several instances of the medical record showing abnormal findings" and that the ALJ "did not ignore or dismiss abnormal exam findings." *Id.*

This court agrees with the Magistrate Judge's determination that the ALJ assessed the entirety of the record and made a decision supported by substantial evidence in the record. The ALJ did not ignore or dismiss abnormal exam findings. Dr. Fouts began treating Plaintiff beginning February 2007 and the record contains his treatment notes from May 2011 until February 2012. Dr. Fouts diagnosed Plaintiff with back pain, lumbar spondylolisthesis, lumbar spondylosis, and depression. (R. at 755). In his decision, the ALJ addressed Dr. Fouts' treatment

notes, as well as evidence and medical testimony from five physicians. (R. at 791–93). In making the decision to accord Dr. Fouts' testimony little weight, the ALJ discussed the testimony of the other physicians and granted more weight to the expert testimony of Dr. McCloud and Dr. Perencevich as they were "well versed in the Social Security Administration's evidentiary standards and procedures for assessing one's disability status" and because their testimony was "consistent with and well supported by the evidence of the record as a whole with respect to the claimant's physical status." (R. at 791–92). The ALJ also summarized the lengthy record and thoroughly discussed the medical findings to determine whether they supported Dr. Fouts' diagnoses and Plaintiff's subjective complaints. (R. at 792-798). Further, the ALJ stated specifically the reasons for giving little weight to Dr. Fouts' testimony including that he found the Plaintiff's abilities to be "more restrictive than the totality of the medical evidence suggests," that the opinions were at times not "well supported by or consistent with … clinical or laboratory findings," and that Dr. Fouts' testimony was also "inconsistent with the claimant's activities of living." (R. at 793).

Given the specificity of the ALJ's findings in his decision to accord Dr. Fouts' testimony little weight, the Magistrate Judge did not err in affirming the ALJ's decision. Further, this court's independent review of the ALJ's findings and the record reveals that the ALJ's decision was supported by substantial evidence in the record.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

                                            **s/ Algenon L. Marbley**
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED: August 30, 2019**